# EXHIBIT A

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

CHARNITA PROCTOR
_____
Plaintiff
vs.

PORTFOLIO RECOVERY ASSOCIATES
_____
Defendant

Case Number  2018 CA 005676 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**JEFFREY W. STYLES**
Name of Plaintiff's Attorney
**Washington Legal Group**
Address
**1666 K St NW #440 Washington DC 20006**
**202-503-1708**
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  **08/09/2018**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                                                          Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Charnita Proctor     Case Number: 2018 CA 005676 B

vs     Date: August 7, 2018

Portfolio Recovery Associates     ☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) Jeffrey W. Styles | Relationship to Lawsuit |
|---|---|
| Firm Name: Washington Legal Group, LLC | ☑ Attorney for Plaintiff |
| Telephone No.: 202-503-1708    Six digit Unified Bar No.: | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury     ☐ 6 Person Jury     ☑ 12 Person Jury
Demand: $ 1,000,000     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

**NATURE OF SUIT:** (Check One Box Only)

**A. CONTRACTS**      **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☑ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____  _____8/7/18_____
Attorney's Signature                      Date

IN THE SUPERIOR COURT OF THE DISTIRCT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **CHARNITA PROCTOR** )<br>2515 Alabama Ave, SE, Apt 215 )<br>Washington, DC 20020 )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>**Portfolio Recovery Associates, LLC** )<br>**Serve**: Corporation Service Company )<br>     1090 Vermont Ave NW )<br>     Washington, DC 20005 )<br>  )<br>Defendant. ) | Case No. 2018 CA 005676 B |

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Charnita Proctor, and for her complaint against the Defendant Portfolio Recovery Associates, Llc ("PRA"), she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's pursuant to 15 U.S.C. §1692 et seq. (Fair Debt Collection Practices Act or "FDCPA").

2. The FDCPA requires mandatory initial validation notice as an informal dispute mechanism. 15 U.S.C. §1692g. The validation notice provides the consumer a 30-day period in which to take action and dispute the debt. A debt collector shall not shorten the time period the consumer has to dispute the debt nor give misleading information on how to make the dispute.

3. Defendant is subject to strict liability for sending an initial collector letter to Plaintiff which impermissibly shortened the time the consumer had to make a dispute.

4. Ms. Proctor hereby seeks relief under the FDCPA.

### PARTIES

5. The Plaintiff, Charnita Proctor ("Ms. Proctor") is a natural person located in the District of Columbia and a consumer as defined by 15 U.S.C. §1692a(3).

1

6. Defendant PRA, also known as Anchor Receivables Management, manages past-due accounts. The company was incorporated in 1996 and is based in Norfolk, Virginia. Portfolio Recovery Associates, LLC operates as a subsidiary of PRA Group, Inc. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6).

## **FACTS**

7. On June 12, 2018 PRA issued a dunning letter to Ms. Proctor regarding a debt with Comenity Bank. The letter identified Comenity Bank as the seller and original creditor. It claimed the amount of debt owed was $387.88 and that the debt was owed to PRA.

8. This letter was PRA's first communication with Ms. Proctor and included in its letter was Ms. Proctor's right to dispute the debt. However, in its letter was a payment coupon demanding payment from Ms. Proctor. This demand for payment was much more prominent than the paragraph conveying Ms. Proctor's rights under the FDCPA to dispute the debt. As a result, the demand for payment contradicted and/or overshadowed the paragraph covering Ms. Proctor's right to dispute the debt.

9. With regard to the "right to dispute the debt" paragraph, PRA stated in relevant part that "[i]f you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt...".

10. This misstates the consumer's right.

11. The FDCPA, at 15 U.S.C. §1692g(a) requires a debt collector to include in its initial communication to the debtor, among other things, a statement that the debtor may dispute and seek validation of the alleged debt from the debt collector. It goes on to state that a debt collector must provide:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of

2

> the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a)(4)-(5).

12. PRA's statement improperly limits the time that a consumer may request verification of the debt by stating that the Plaintiff must notify Defendant within 30 days of the consumer's receipt of the dunning letter.

13. In order to notify or give notice in writing to the debt collector by the 30th day, the consumer must send or mail the written notice days *before* or in advance of the 30-day deadline in order for the written notice to be *received* within 30-days.

14. The FDCPA does *not* require a consumer to provide the written dispute to the debt collector within 30 days for the consumer's request to be valid and timely. Rather, the FDCPA requires that the consumer *send* or mail the written verification request by the 30th day of receiving the dunning letter.

15. PRA's misstatement would cause a least sophisticated debtor to believe that he or she must send or mail the written dispute 3 to 7 days before the 30th day, so that delivery of the written request is made by the 30th day.

16. In effect, PRA seeks to require the consumer to send or mail the written request within 23 to 27 days, instead of 30 days.

17. Regarding the purported debt, Plaintiff has reason to believe that PRA does not have sufficient legal documentation to have legitimately acquired Plaintiff's purported debt with Comenity Bank.

3

18.     Further, the purported debt amount is inflated. If Plaintiff owed any amount to Comenity Bank, the amount was about $100.

19.     On or about July 8, 2018, Plaintiff called PRA to dispute the debt. The PRA representative claimed the total debt consisted of $105 in principal, $33.61 in interest and $249 in late fees. Plaintiff advised PRA that she believed the interest and late fees were substantially inflated and advised PRA that she wanted to dispute those amounts. Ms. Proctor asked for documentation on how those amounts were calculated.

20.     In response, the PRA representative claimed it did not add any additional fees and interest, and that it did not have any information or documentation to verify the legitimacy of the fees and interest. Further, the PRA representative advised Ms. Proctor that it was too late to dispute those amounts because the debt has changed hands – from Comenity Bank to PRA.

## COUNT ONE: VIOLATIONS OF FDCPA

21.     Plaintiff incorporate paragraphs 1-20 by reference.

22.     Defendant PRA violated 15 U.S.C. §1692g by contradicting and overshadowing Plaintiff's right to dispute the debt with its overly prominent request for payment within the same communication and placing no reconciliation language to explain Plaintiff's obligation to pay now was subject to her right to request verification of the debt.

23.     Defendant PRA violated 15 U.S.C. §§1692g and 1692e by shortening the time or misrepresenting the time the consumer has to dispute or request verification of the debt.

24.     Defendant PRA violated 15 U.S.C. §§1692e and 1692f by attempting to collect on a debt that it does have sufficient documentation of to establish legal ownership.

25..    Defendant PRA violated 15 U.S.C. §1692e(2) and by misrepresenting the amount of money that was owed on the debt.

26.     Defendant PRA violated 15 U.S.C. §1692f(1) and attempting to collect fees and charges that were unauthorized by the contract or state law.

4

27. Defendant PRA violated 15 U.S.C. §§1692e(8),(10) and 1692f by falsely representing to the Plaintiff that she could not dispute the debt.

28. Defendants foregoing illegal debt collection activities have caused the Plaintiff to incur economic damages and emotional/mental distress damages, including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, fear, embarrassment, humiliation, frustration, anger, headaches, sleeplessness, severe emotional and mental distress.

29. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for her attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and any such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

**CHARNITA PROCTOR**

/s/ Jeffrey W. Styles
Jeffrey W. Styles, Esq., Bar #475264
Washington Legal Group, LLC
1666 K Street NW – Suite 440
Washington, District of Columbia 20006
Telephone: (202) 503-1708
Facsimile: (202) 503-1701
E-mail: jstyles@washlegal.com

*Counsel Plaintiff*